UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                Case No. 15-cr-260(11) (PAM/TNL)

          Plaintiff,

v.                                                       **MEMORANDUM AND ORDER**

Trinidad Jesus Garcia,

          Defendant.
_____

This matter is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255. For the following reasons, the Motion is denied.

**BACKGROUND**

In September 2015, Defendant Trinidad Jesus Garcia was indicted for his part in a large-scale conspiracy to distribute methamphetamine. Although the Court appointed counsel to represent him, Garcia ultimately decided that he wished to proceed pro se and the Court granted that request. (Docket No. 224.) Garcia then filed no fewer than thirty pretrial motions, in addition to responding to the Magistrate Judge's report and recommendations regarding those motions. Although most of Garcia's motions were denied, the Court repeatedly noted that Garcia was competent to represent himself, and indeed commended Garcia for his ability to represent his own interests. (Plea Hr'g Tr. (Docket No 613) at 28.)

Garcia ultimately pled guilty to an Information that charged him with possession with intent to distribute methamphetamine. The plea agreement provided that, while the Government believed that Garcia possessed 35 grams or more of actual methamphetamine,

Garcia could challenge the amount of methamphetamine at sentencing. (Docket No. 493.) Garcia did in fact challenge the purity of the methamphetamine, cross-examining the Government's witness in this regard. (Sentencing Tr. (Docket No. 908) at 11-17.) The Court overruled his objections, found Garcia responsible 36.58 grams of actual methamphetamine, and sentenced him to 137 months' imprisonment and three years' supervised release. (Docket No. 853.)

Garcia appealed, represented by the attorney who acted as his standby counsel before this Court. His primary argument on appeal was that the Court erred in excluding from its drug-quantity calculations the portion of methamphetamine intended for Garcia's personal use. United States v. Escobar, 909 F.3d 228, 244 (8th Cir. 2018). As the Court of Appeals noted, Garcia did not raise this challenge before this Court, challenging only the purity of the methamphetamine involved. Id. Because Garcia failed to raise his personal-use objection despite several opportunities to do so, the appellate court found that he could not argue that this Court "erred by accepting an admitted fact." Id. at 245. The Eighth Circuit thus affirmed Garcia's sentence. Id. at 247.

Garcia timely filed the instant Motion to Vacate under 28 U.S.C. § 2255. He raises seven grounds for relief. Ground One claims that Garcia's stand-by counsel rendered ineffective assistance for allegedly failing to inform Garcia of a Bruton issue that would have required severance from his co-Defendants, and for failing to request that Garcia undergo a mental-health evaluation before Garcia was allowed to proceed pro se. Ground Two asserts that Garcia's appellate counsel was ineffective for failing to raise four issues on appeal. Ground Three challenges the sufficiency of the evidence regarding Garcia's

intent to distribute. Ground Four argues that a formal objection to his sentence was not necessary for the appellate court to review the sentence for reasonableness. Ground Five has two parts. Part 1 asserts that Garcia's appellate counsel failed to raise on appeal a grouping issue, and that this failure constituted ineffective assistance. Part 2 argues that this Court erred by grouping possession under 21 U.S.C. § 844 with § 841(a)(i). Ground Six similarly has two parts. The first asserts that the quantity of drugs possessed for personal use should not be counted as relevant conduct toward a possession-with-intent-to-distribute charge, and the second argues that the use of criminal history to increase the applicable sentencing range constituted a violation of Double Jeopardy. Finally, Count Seven contends that the Government violated Garcia's Fifth Amendment rights by charging him by information, rather than indictment.

**DISCUSSION**

> A prisoner in custody under [federal] sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, not all claims of error in a conviction or sentence are cognizable in a § 2255 proceeding. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). The petitioner bears the burden to establish that his

3

conviction or sentence violated either the Constitution or federal law. United States v. Hill, 215 F. Supp. 3d 823, 826 (D. Minn. 2016) (Kyle, J.).

Although § 2255 requires a Court to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), a "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted). Garcia's claims are contradicted by the record, and he is not entitled to relief on any of them. The Court therefore declines to hold an evidentiary hearing.

**A.  Ineffective Assistance of Counsel**

Garcia raises multiple claims of ineffective assistance of counsel. To prevail on a claim that counsel rendered ineffective assistance, Garcia must establish both that his attorney's performance was deficient and that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 689 (1984). The Court presumes that the attorney provided effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight." Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997). Indeed, the Court's "scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

To demonstrate prejudice, Garcia must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different." Id. at 694.  If Garcia cannot establish prejudice, the Court need not address the reasonableness of the representation, because the failure to establish prejudice is dispositive of a § 2255 claim of ineffective assistance.  Apfel, 97 F.3d at 1076.

    **1.**    **Bruton issue and severance**

In Bruton v. United States, 391 U.S. 123, 126 (1968), the Supreme Court held that admission of a codefendant's confession at trial is prejudicial error if that confession implicates a jointly tried defendant.  In June 2016, months after Garcia was allowed to represent himself, Garcia's standby counsel wrote to the Assistant United States Attorney stating that, unless Garcia decided to plead guilty, it would be necessary to sever his case from his co-Defendants because "there is a Bruton issue involving [Garcia's] statement to police."  (Docket No. 1016 at 8.)  Garcia's claim in this Motion appears to be that his attorney did not inform him of this Bruton issue, and if he had known that his case would be severed from his co-Defendants, he would not have pleaded guilty.

The record refutes Garcia's claim that he was unaware of any Bruton issue.  In May 2016, Garcia requested a severance, arguing in part that a severance was necessary because of the potential prejudice of his co-Defendants' statements to police.  (Docket No. 480.)  He pled guilty before those motions were fully resolved.  Garcia cannot establish any prejudice, because Garcia was aware of Bruton issues and nevertheless chose to plead guilty.

But even if Garcia were not aware of the Bruton issue his standby counsel mentioned, he misunderstands the import of that issue.  As the attorney's letter makes clear, it was Garcia's own statement that implicated his co-Defendants.  Garcia could claim no

5

prejudice from the introduction of his own statements at his trial. Rather, his co-Defendants would seek severance of their trials from Garcia's because of his incriminating statements, not the other way around. And in any event, a Bruton severance is only for purposes of trial and has no effect on the substantive charges. In other words, the Bruton issue would not have changed Garcia's inclusion in the underlying conspiracy, as he apparently believes. Garcia has not established ineffective assistance of counsel in this regard.

### 2. Mental health evaluation

There is no record evidence that Garcia suffered from any mental-health issues and therefore should have been subjected to a mental-health evaluation. As noted, the Court found that Garcia was more than competent to represent himself. (See also Sentencing Hr'g Tr. at 27 (statement of standby counsel: "I've never seen a pro se defendant handle himself as well as Mr. Garcia has and to keep track of the real issues that are involved in a case like this one.").) Absent a claim that his alleged mental-health issues rendered him incompetent to represent himself, his attorney's failure to request an evaluation caused him no prejudice.

### 3. Failure to raise issues on appeal

The issues Garcia's appellate counsel allegedly failed to raise on appeal are the same issues Garcia raises in Grounds Three through Six of his Motion. As discussed below with respect to these Grounds, Garcia has not established any error, and thus it was not ineffective assistance to fail to raise these issues on appeal.

### B. Sufficiency of the Evidence

In Ground Three, Garcia claims that there was insufficient evidence to convict him of possession with intent to distribute. But Garcia pled guilty to possession with intent to distribute. That plea forecloses any challenge to the sufficiency of the evidence supporting his conviction. United States v. Alvarado-Sanchez, 383 F. App'x 576, 577 (8th Cir. 2010). Ground Three fails.

### C. Appellate Review

In Ground Four, Garcia claims that he was not required to object to his sentence in order for the Court of Appeals to review that sentence for reasonableness. He is correct. See United States v. Burnette, 518 F.3d 942, 946 (8th Cir. 2008) (noting that no objection is required "to preserve an attack on the substantive reasonableness of a sentence"). But even if this argument were appropriately presented to the Court, it is without merit. This Court has no jurisdiction to determine the standard of review that the Court of Appeals applies.

What Garcia appears to challenge in Ground Four is the Court of Appeals' assumption that he had not objected to this Court's drug-quantity determinations, leading the appellate court to review those determinations only for plain error. See id. ("A drug quantity is a finding of fact reviewed for clear error when objected to at sentencing, or plain error if the defendant does not object."). He notes that he objected to the PSR's statement that he possessed the methamphetamine with the intent to distribute it, because his intent was to use the methamphetamine himself.

7

In other words, his PSR objection was not that the Court failed to separate the quantity of methamphetamine for use from the quantity for distribution, but that he did not intend to distribute any of the methamphetamine. However, Garcia pled guilty to possession with intent to distribute under 21 U.S.C. § 841(a)(1), not simple possession. And although he claimed at the plea hearing that "the main thing was use," he admitted that the "partial purpose, at least" was distribution. (Plea Hr'g Tr. at 22.) The Court therefore properly overruled his objections to the PSR, and the Court of Appeals evaluated his appeal accordingly.

**D.    Grouping**

In Ground Five, Garcia contends that the Court erred in "grouping" his possession-with-intent-to-distribute with simple possession. But there was no grouping in Garcia's case. He pled guilty to a single count of possession with intent to distribute. What he in fact claims is that this Court erred in not making a factual finding regarding what amount of methamphetamine Garcia intended to distribute and what amount he intended to use, and that it was ineffective for his counsel not to argue this issue on appeal.

But Garcia's counsel did raise this issue on appeal. See Escobar, 909 F.3d at 244 (stating that Garcia argued that U.S.S.G. § 2D1.1 "required the district court to exclude the portion of the methamphetamine intended for his personal use in calculating his base offense level"). His claim of ineffective assistance on this basis fails. And because the Court of Appeals denied Garcia's appeal on this issue, Garcia cannot establish any error. This Ground fails.

### E. Relevant Conduct

Ground Six raises yet another challenge to the factual finding regarding drug quantity. Again, Garcia argues that it was error for the Court to fail to separate the drugs Garcia intended to distribute from those he intended for personal use. As discussed previously, his challenges to the Court's drug-quantity calculations fail.

Garcia also argues that the use of his criminal history to increase his sentence violates Double Jeopardy. This contention is without merit. A defendant's criminal history is an appropriate factor to use in calculating a sentence. See United States v. Mattix, 404 F.3d 1037, 1038 (8th Cir. 2005) ("Courts have long considered prior criminal history as a sentencing factor . . . ."). Ground Six fails.

### F. Information/Indictment

Garcia's argument in Ground Seven warrants no consideration. He agreed to proceed by information and signed a waiver of indictment. (Plea Hr'g Tr. at 13.) In addition, the Court questioned Garcia about the indictment process and he stated under oath that he voluntarily waived indictment. (Id. at 12-13.) Ground Seven is dismissed.

### G. Certificate of Appealability

Garcia may not appeal this Court's ruling on his Motion to Vacate without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). But such a certificate requires Garcia to make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); see also Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Garcia must establish that the issues he raises are

"debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).  Garcia has not met this high standard, and no certificate of appealability will issue.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Vacate (Docket No. 1015) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   August 13, 2020

                                                 *s/Paul A. Magnuson*
                                               Paul A. Magnuson
                                               United States District Court Judge