UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 15-260(11) (PAM/TNL)

          Plaintiff,

v.                                                                                          **ORDER**

Trinidad Jesus Garcia,

          Defendant.
_____

      This matter is before the Court on what is by the Court's count Defendant Trinidad Jesus Garcia's fifth Motion seeking Compassionate Release under the First Step Act, which allows a court to reduce a defendant's term of imprisonment for "extraordinary and compelling reasons." 28 U.S.C. § 3582(c)(1)(A)(i). Although Garcia's previous motions relied on his medical conditions to argue that extraordinary and compelling reasons justified compassionate release, the instant Motion argues several other ostensible bases for Garcia's release in addition to his medical conditions: he has rehabilitated himself by taking advantage of programming in prison, his age makes him unlikely to recidivate, his mother's recent health problems mitigate in favor of his early release so that he can assist her, trends regarding the sentencing guidelines' use of drug purity as a proxy for culpability would mean a much lower guidelines range were he sentenced today, and a recent Supreme Court decision has instructed courts to consider changes in the law when reviewing motions for compassionate release. Concepcion v. United States, 142 S. Ct. 2389, 2396 (2022). The majority of the Motion argues that changes in the law regarding drug purity mandate reconsideration of Garcia's sentence, and the discussion below will begin with that issue.

Garcia is mistaken that Concepcion allows a sentencing court to conduct a de novo review of a previously imposed sentence. Indeed, in the Eighth Circuit, "a non-retroactive change in law regarding sentencing . . . 'whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A).'" United States v. Rodriguez-Mendez, 65 F.4th 1000, 1001 (8th Cir. 2023) (quoting United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022). Garcia's reliance on the drug-purity discussion from a case outside the Eighth Circuit, United States v. Robinson, No. 3:21cr14, 2022 WL 17904534, at *3 (S. D. Miss. Dec. 23, 2022), is thus misplaced. And even if Robinson was persuasive authority from within this Circuit, that case only stands for the proposition that a court can disagree with the sentencing guidelines' drug-purity calculations when sentencing an individual, not that a court reviewing a First Step Act motion for sentence reduction can reconsider those calculations. Rodriguez-Mendez prohibits such after-the-fact consideration until the sentencing guidelines are changed and that change is made retroactive.

Nor is Garcia's rehabilitation enough, by itself, to warrant compassionate release. See United States v. Fine, 982 F.3d 1117, 1119 (8th Cir. 2020) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.") (quoting 28 U.S.C. § 994(t)). The Court sincerely commends Garcia for his efforts to rehabilitate himself—his efforts will serve him well when he is released from incarceration. But for purposes of this Motion, his rehabilitation is what is expected, not an extraordinary and compelling justification for compassionate release.

Garcia has again not provided updated medical records substantiating his claims regarding his medical conditions. The fact that Garcia tested positive for Covid in July 2022 is not extraordinary or compelling, and although he claims to suffer from the effects of long Covid, there are no medical records supporting this claim. As previously and repeatedly determined, Garcia's medical conditions do not warrant his early release.

Finally, Garcia seeks early release so that he can care for his mother, who has suffered a heart attack. The Court understands the toll a son's absence can have on a family and sympathizes with Garcia's mother's desire to have her son's assistance. In this instance, however, and in light of the § 3553(a) factors, Garcia's mother's health situation does not outweigh the factors that counsel against Garcia's early release. As in his previous early-release requests, it is the Court's view that his early release is not appropriate under § 3553(a) or the First Step Act.

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Reduce Sentence (Docket No. 1246) is **DENIED**.

Dated:   May 23, 2023

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge